1

2

3

4

5

6

7

8

9

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

10   PETER WHITTINGTON,

11              Plaintiff,                    No. CIV S-10-2118 EFB P

12         vs.

13   SACRAMENTO COUNTY JAIL, et al.,

14              Defendants.                   <u>ORDER</u>

15   _____/

16         Peter Whittington, a former inmate, filed this pro se civil rights action under 42 U.S.C.

17   § 1983.  Plaintiff's complaint concerns events alleged to have occurred while he was housed at

18   Sacramento County Jail and U.S.P. McCreary.  This proceeding was referred to this court by

19   Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1) and is before the undersigned pursuant to

20   plaintiff's consent.  *See* E.D. Cal. Local Rules, Appx. A, at (k)(4).

21         Plaintiff has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

22   Dckt. No. 5, 7.  Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1)

23   and (2).  Accordingly, the request to proceed *in forma pauperis* will be granted.  28 U.S.C. §

24   1915(a).

25         Pursuant to 28 U.S.C. § 1915A, the court shall review "a complaint in a civil action in

26   which a prisoner seeks redress from a governmental entity or officer or employee of a

1

1   governmental entity."  28 U.S.C. § 1915A(a).  "On review, the court shall identify cognizable

2   claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous,

3   malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief

4   from a defendant who is immune from such relief."  *Id.* § 1915A(b).

5          A district court must construe a pro se pleading "liberally" to determine if it states a

6   claim and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give plaintiff an

7   opportunity to cure them. *See Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000).  While

8   detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of

9   action, supported by mere conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 129 S.Ct.

10  1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Plaintiff

11  must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is

12  plausible on its face.'"  *Id.* (quoting *Twombly*, 550 U.S. at 570).

13          A claim has facial plausibility when the plaintiff pleads factual content that allows
        the court to draw the reasonable inference that the defendant is liable for the
14      misconduct alleged. The plausibility standard is not akin to a "probability
        requirement," but it asks for more than a sheer possibility that a defendant has
15      acted unlawfully. Where a complaint pleads facts that are merely consistent with a
        defendant's liability, it stops short of the line between possibility and plausibility
16      of entitlement to relief.

17  *Id.* (citations and quotation marks omitted).  Although legal conclusions can provide the

18  framework of a complaint, they must be supported by factual allegations, and are not entitled to

19  the assumption of truth.  *Id.* at 1950.

20          The Civil Rights Act under which this action was filed provides:

21          Every person who, under color of [state law] . . . subjects, or causes to be
        subjected, any citizen of the United States . . . to the deprivation of any rights,
22      privileges, or immunities secured by the Constitution . . . shall be liable to the
        party injured in an action at law, suit in equity, or other proper proceeding for
23      redress . . . .

24  42 U.S.C. § 1983.  An individual defendant is not liable on a civil rights claim unless the facts

25  establish the defendant's personal involvement in the constitutional deprivation or a causal

26  connection between the defendant's wrongful conduct and the alleged constitutional deprivation.

1  *See Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); *Johnson v. Duffy*, 588 F.2d 740, 743-44

2  (9th Cir. 1978).

3          The court has reviewed plaintiff's complaint pursuant to 28 U.S.C. § 1915A and finds it

4  does not state a cognizable claim.  Plaintiff alleges that he was called as a witness for the

5  government in a murder case, and a Sacramento County Public Defender released his address to

6  the defendant.  As a result, plaintiff claims that he was assaulted three times while in county jail

7  and federal prison.  He claims that the county jail staff failed to protect him.

8          Plaintiff names as defendants the Sacramento County Jail and the Sacramento County

9  Public Defender.[1]  Plaintiff is advised that, on the facts alleged in his complaint, these entities

10  may not be sued under 42 U.S.C. § 1983.  While it is permissible to sue a municipality under

11  Section 1983 where an official policy or custom is the cause of a constitutional tort, a

12  municipality cannot be held liable for the unconstitutional acts of its employees under a theory of

13  respondeat superior.  *Monell v. Department of Social Services*, 436 U.S. 658, 690-91 (1978).

14  Sub-departments of municipalities are not generally considered "persons" within the meaning of

15  § 1983.  *Hervey v. Estes*, 65 F.3d 784, 791 (9th Cir.1995); *see also United States v. Kama*, 394

16  F.3d 1236, 1239-40 (9th Cir.2005) (Ferguson, J., concurring).

17          Plaintiff has not identified any official policy or custom that caused him to be assaulted.

18  ////

19

20  [1] Although this naming is ambiguous, it appears that plaintiff wishes to sue the
    Sacramento County Public Defender's Office.  If plaintiff wishes to sue the Sacramento County
    Public Defender–that is, Paulino G. Durán–he is advised that as there is no respondeat superior

21  liability under § 1983, he may not sue any supervisor on a theory that the supervisor is liable for
    the acts of his or her subordinates.  *See Palmer v. Sanderson*, 9 F.3d 1433, 1437-38 (9th Cir.

22  1993); *Polk County v. Dodson*, 454 U.S. 312, 325 (1981).  "Because vicarious liability is
    inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant,

23  through the official's own individual actions, has violated the Constitution."  *Iqbal*, 129 S. Ct. at
    1948.  A supervisor may be liable "for constitutional violations of his subordinates if the

24  supervisor participated in or directed the violations, or knew of the violations and failed to act to
    prevent them."  *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).  A supervisor may also be

25  held liable if he or she implemented "a policy so deficient that the policy itself is a repudiation of
    constitutional rights and is the moving force of the constitutional violation."  *Redman v. County*

26  *of San Diego*, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc) (internal quotations omitted).

His vague allegation that the jail staff failed to protect him from assault does not meet the pleading standard in *Ashcroft v. Iqbal*, __ U.S. __, 129 S.Ct. 1937 (2009).  He does not explain who failed to protect him, what they failed to do, or how their omissions caused his injuries.  Similarly, plaintiff does not allege that the Sacramento County Public Defender's office released his address pursuant to a policy.  Plaintiff must either explain how these entities' unconstitutional policies injured him or must name the specific defendants whose actions harmed him.  Thus, to proceed plaintiff must file an amended complaint.

Any amended complaint must adhere to the following requirements:

It must be complete in itself without reference to any prior pleading.  E.D. Cal. Local Rule 220; *see Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading is superseded.

It must show that the federal court has jurisdiction and that plaintiff's action is brought in the right place, that plaintiff is entitled to relief if plaintiff's allegations are true, and must contain a request for particular relief.  Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right.  *Johnson*, 588 F.2d at 743 (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

It must contain a caption including the name of the court and the names of all parties.  Fed. R. Civ. P. 10(a).

Plaintiff may join multiple claims if they are all against a single defendant.  Fed. R. Civ. P. 18(a).  If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs.  Fed. R. Civ. P. 10(b).  Plaintiff may join multiple claims if they are all against a single defendant.  Fed. R. Civ. P. 18(a).  Unrelated claims against different defendants must be pursued in multiple lawsuits.  "The controlling principle appears in Fed. R. Civ. P. 18(a): 'A party asserting a claim . . . may join, [] as independent or as

alternate claims, as many claims . . . as the party has against an opposing party.'  Thus multiple

claims against a single party are fine, but Claim A against Defendant 1 should not be joined with

unrelated Claim B against Defendant 2.  Unrelated claims against different defendants belong in

different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit

produce[s], but also to ensure that prisoners pay the required filing fees-for the Prison Litigation

Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file

without prepayment of the required fees.  28 U.S.C. § 1915(g)."  *George v. Smith*, 507 F.3d 605,

607 (7th Cir. 2007); *see also* Fed. R. Civ. P. 20(a)(2) (joinder of defendants not permitted unless

both commonality and same transaction requirements are satisfied).  Plaintiff may not change the

nature of this suit by alleging new, unrelated claims in an amended complaint. *George*, 507 F.3d

at 607 (no "buckshot" complaints).

   The allegations must be short and plain, simple and direct and describe the relief plaintiff

seeks.  Fed. R. Civ. P. 8(a); *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002); *Galbraith v.

County of Santa Clara*, 307 F.3d 1119, 1125 (9th Cir. 2002).  A long, rambling pleading,

including many defendants with unexplained, tenuous or implausible connection to the alleged

constitutional injury or joining a series of unrelated claims against many defendants very likely

will result in delaying the review required by 28 U.S.C. § 1915 and an order dismissing

plaintiff's action pursuant to Rule 41 of the Federal Rules of Civil Procedure for violation of

these instructions.

   Plaintiff must sign the complaint. Fed. R. Civ. P. 11(a).  By signing an amended

complaint, plaintiff certifies he has made reasonable inquiry and has evidentiary support for his

allegations and that for violation of this rule the court may impose sanctions sufficient to deter

repetition by plaintiff or others.  Fed. R. Civ. P. 11.

   A prisoner may bring no § 1983 action until he has exhausted such administrative

remedies as are available to him.  42 U.S.C. § 1997e(a).  The requirement is mandatory. *Booth

v. Churner*, 532 U.S. 731, 741 (2001).  By signing an amended complaint plaintiff certifies his

claims are warranted by existing law, including the law that he exhaust administrative remedies, and that for violation of this rule plaintiff risks dismissal of his entire action

Accordingly, the court hereby orders that:

1.  Plaintiff's request to proceed in forma pauperis is granted.

2.  The complaint is dismissed with leave to amend within 30 days.  The amended complaint must bear the docket number assigned to this case and be titled "First Amended Complaint."  Failure to comply with this order will result in this action being dismissed.  If plaintiff files an amended complaint stating a cognizable claim the court will proceed with service of process by the United States Marshal.

Dated:  October 20, 2010.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE