IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PETER WHITTINGTON,

    Plaintiff,               No. CIV S-10-2118 EFB P

vs.

SACRAMENTO COUNTY
MAIN JAIL, et al.,

    Defendants.        ORDER
_____/

    Plaintiff is a county inmate proceeding without counsel in an action brought under 42 U.S.C. § 1983. The United States Marshal ("Marshal") has requested reimbursement of expenses incurred in personally serving defendant Barbour. Dckt. No. 22.

    On November 18, 2011, the court ordered the United States Marshal to serve process on defendant Barbour. Dckt. No. 19. The Marshal was directed to attempt to secure a waiver of service before personally serving defendant. However, if the waiver of service was not returned within 60 days, the Marshal was directed to (1) personally serve defendant without prepayment of costs under Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c); and (2) file the return of service with evidence of attempts to secure a waiver and costs subsequently incurred in effecting personal service.

////

1

1   On March 5, 2012, the United States Marshal filed a return of service with a USM-285 form showing total charges of $56.02 for personally serving defendant Barbour. The form shows the Marshal mailed Barbour a waiver of service form on November 25, 2011, and that the waiver was not returned within 60 days. The Marshal was therefore required to complete personal service on defendant.

Rule 4 of the Federal Rules of Civil Procedure provides, in pertinent part:

> An individual . . . that is subject to service under Rule 4(e), (f), or (h) has a duty to avoid unnecessary expenses of serving the summons.
>
> . . .
>
> If a defendant located within the United States fails, without good cause, to sign and return a waiver requested by a plaintiff located within the United States, the court must impose on the defendant the expenses later incurred in making service . . . .

Fed. R. Civ. P. 4(d)(1)-(2). Thus, the Marshal may be entitled to the costs sought, as it appears that Barbour was given the opportunity required by Rule 4(d)(2) to waive service but failed to do so.

Accordingly, the court hereby orders that:

1. Within 14 days from the date of service of this order, defendant Jeffrey Barbour shall pay to the United States Marshal the sum of $56.02, unless within that time he files a written statement showing good cause for his failure to waive service.

2. The Clerk of the Court shall serve a copy of this order on the U.S. Marshal.

DATED: March 29, 2012.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE