IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PETER WHITTINGTON,

   Plaintiff,     No. 2:10-cv-2118 KJM EFB P

  vs.

SACRAMENTO COUNTY
MAIN JAIL, et al.,

   Defendants.    ORDER
              /

  Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983.  On May 15, 2012, the court recommended that this action be dismissed for plaintiff's failure to prosecute, failure to comply with court orders, and failure to keep the court apprised of his current address.  Dckt. No. 30.  On June 22, 2012, plaintiff notified the court of his current address, and on July 13, 2012, he opposed defendant's pending motion to dismiss.  Dckt. Nos. 31, 32.  He also requested that the court appoint counsel.  Dckt. No. 32.

  In light of plaintiff's recent filings, the court will vacate the pending findings and recommendations, and deem plaintiff's July 13, 2012 filing as a timely opposition to the motion to dismiss.  However, the court will not appoint counsel.  District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases.  *Mallard v. United States Dist. Court*, 490 U.S. 296, 298 (1989).  In exceptional circumstances, the court may request an

1

attorney to voluntarily to represent such a plaintiff. *See* 28 U.S.C. § 1915(e)(1); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wood v. Housewright*, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider the likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). Having considered those factors, the court finds there are no exceptional circumstances in this case.

Accordingly, IT IS HEREBY ORDERED that

1. Plaintiff's motion for appointment of counsel, Dckt. No. 32, is denied.

2. The May 15, 2012 findings and recommendations, Dckt. No. 30, are vacated.

3. Defendant may, within seven days of the date of this order, file a reply to plaintiff's opposition (Dckt. No. 32) to the pending motion to dismiss.

DATED: July 26, 2012.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE