1

2

3

4

5

6

7           IN THE UNITED STATES DISTRICT COURT

8         FOR THE EASTERN DISTRICT OF CALIFORNIA

9   PETER WHITTINGTON,

10          Plaintiff,                    No. 2:10-cv-2118 KJM EFB P

11      vs.

12   JEFFREY BARBOUR,

13          Defendant.                 <u>FINDINGS AND RECOMMENDATIONS</u>

14   _____/

15          Plaintiff, incarcerated in the Sacramento County Jail, is suing without counsel for alleged

16   civil rights violations.  *See* 42 U.S.C. § 1983.  Defendant moves to dismiss.  Dckt. No. 23.  For

17   the reasons explained below, it is recommended that the motion be granted without leave to

18   amend.

19   **I.      Background**

20          This action proceeds on the amended complaint filed February 2, 2011.  Dckt. No. 13.

21   Plaintiff alleges that defendant, an assistant public defender, violated plaintiff's federally

22   protected rights by releasing his personal information and address "to convicted child killer

23   'John Hunter.'"  *Id.* at 3.[1]  As a result of defendant's alleged release of plaintiff's information,

24   plaintiff alleges that he has suffered several severe beatings and attempts on his life.  *Id.*

25   _____

26          [1] Page numbers cited herein refer to those assigned by the court's electronic docketing
system and not those assigned by the parties.

1

Plaintiff provides more specifics in his opposition to the motion to dismiss. Dckt. No. 32. He alleges that his friend, John Hunter, confided to him that he (Hunter) had lost his temper with his infant, hurt the infant, and thereafter the baby did not respond. *Id.* at 2. After being picked up on a parole violation and returned to CSP-Solano, plaintiff cooperated with authorities investigating the infant's death, presumably by informing them of what Hunter had confided. *Id.* Later, defendant, acting as Hunter's public defender, subpoenaed letters that plaintiff had written to his mother. *Id.* at 3. Plaintiff alleges that defendant then gave copies of the letters, including the front of the envelope with plaintiff's "Ex Ref. Number," housing location, and his mother's address, to Hunter. *Id.* According to plaintiff, Hunter then passed plaintiff's information and the statement plaintiff had given authorities regarding Hunter on to a member of the gang plaintiff was in at the time. *Id.* Plaintiff was labeled a snitch and received several beatings. *Id.*

## II.     Rule 12(b)(6) Standard

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *id.* at 554-56, 562-63 (stating that the 12(b)(6) standard that dismissal is warranted if plaintiff can prove no set of facts in support of his claims that would entitle him to relief "has been questioned, criticized, and explained away long enough," and that having "earned its retirement," it "is best forgotten as an incomplete, negative gloss on an accepted pleading standard"). Thus, the facts pleaded in the complaint must amount to "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* at 555. Instead, the "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (internal citation omitted). Dismissal may be based either on the lack of cognizable legal theories or the lack of pleading sufficient facts to support cognizable legal theories. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

////

1    The complaint's factual allegations are accepted as true.  *Church of Scientology of Cal. v.*
2    *Flynn*, 744 F.2d 694, 696 (9th Cir. 1984).  The court construes the pleading in the light most
3    favorable to plaintiff and resolves all doubts in plaintiff's favor.  *Parks Sch. of Bus., Inc. v.*
4    *Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995).  General allegations are presumed to include
5    specific facts necessary to support the claim.  *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561
6    (1992).

7    The court may disregard allegations contradicted by the complaint's attached exhibits.
8    *Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987); *Steckman v. Hart Brewing,*
9    *Inc.*, 143 F.3d 1293, 1295-96 (9th Cir.1998).  Furthermore, the court is not required to accept as
10   true allegations contradicted by judicially noticed facts.  *Sprewell v. Golden State Warriors*, 266
11   F.3d 979, 988 (9th Cir. 2001) (citing *Mullis v. U.S. Bankr. Ct.*, 828 F.2d 1385, 1388 (9th Cir.
12   1987)).  The court may consider matters of public record, including pleadings, orders, and other
13   papers filed with the court.  *Mack v. South Bay Beer Distributors*, 798 F.2d 1279, 1282 (9th Cir.
14   1986) (abrogated on other grounds by *Astoria Fed. Sav. & Loan Ass'n v. Solimino*, 501 U.S. 104
15   (1991)).  "[T]he court is not required to accept legal conclusions cast in the form of factual
16   allegations if those conclusions cannot reasonably be drawn from the facts alleged."  *Clegg v.*
17   *Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994).  Neither need the court accept
18   unreasonable inferences, or unwarranted deductions of fact.  *Sprewell*, 266 F.3d at 988.

19   Pro se pleadings are held to a less stringent standard than those drafted by lawyers.
20   *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).  Unless it is clear that no amendment can cure
21   its defects, a pro se litigant is entitled to notice and an opportunity to amend the complaint before
22   dismissal.  *Lopez v. Smith*, 203 F.3d 1122, 1127-28 (9th Cir. 2000) (en banc); *Noll v. Carlson*,
23   809 F.2d 1446, 1448 (9th Cir. 1987).

24   ////

25   ////

26   ////

### III.    Analysis

Defendant first notes that plaintiff has failed to allege that defendant was acting under color of state law, a required element to establishing a cause of action under section 1983.  The argument is well taken.  The core of plaintiff's claim against defendant is that defendant, in the course of his representation of Hunter, released plaintiff's confidential and personal information to Hunter.  A public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding.  *Polk County v. Dodson*, 454 U.S. 312, 325 (1981).  Accordingly, defendant is not subject to suit under § 1983 for the alleged release of plaintiff's information to his client during the course of his representation.

Furthermore, the alleged release of plaintiff's information did not violate a constitutional right to privacy.  On the current record, plaintiff has not shown that he had a reasonable expectation of privacy in his prison identification number, housing location, and mother's address.  Defendant has demonstrated the public availability of plaintiff's prison identification number and housing location via the Sacramento County Sheriff's website, of which the court takes judicial notice.  *See* Fed. R. Evid. 201(b)(2) (providing that the court may take judicial notice of facts capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned).  The address of plaintiff's mother is not information that is generally considered private.  *See Russell v. Gregoire*, 124 F.3d 1079, 1094 (9th Cir. 1997) (involving publication of "general vicinity of the offender's residence").

Plaintiff offers to amend his complaint to include the details provided by his opposition to defendant's motion to dismiss.  However, because it is clear from plaintiff's allegations in his complaint and opposition that defendant gave plaintiff's information to Hunter in his capacity as Hunter's defense attorney and that the information given was not protected by plaintiff's constitutional right to privacy, amendment will not save plaintiff's suit from dismissal.  Accordingly, it is recommended that the motion to dismiss be granted without leave to amend.  *See Lopez*, 203 F.3d at 1127-28.

4

**IV.    Recommendation**

        For all of the above reasons, it is RECOMMENDED that:

        1.  Defendant's March 19, 2012 motion to dismiss (Docket No. 23) be granted;

        2.  The complaint be dismissed without leave to amend; and

        3.  The Clerk be directed to close the case.

        These findings and recommendations are submitted to the United States District Judge
assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days
after being served with these findings and recommendations, any party may file written
objections with the court and serve a copy on all parties.  Such a document should be captioned
"Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections
within the specified time may waive the right to appeal the District Court's order. *Turner v.
Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated:  December 3, 2012.

                              EDMUND F. BRENNAN
                              UNITED STATES MAGISTRATE JUDGE